[L.A. No. 29662. In Bank. Jan. 15, 1970.]

THURLOW E. COON et al., Plaintiffs, Cross-defendants and Appellants, v. LOUIS FREEMAN et al., Defendants, Cross-complainants and Respondents.

COUNSEL

Tom Sherrard, in pro. per., and Richard A. Thomas for Plaintiffs, Cross-defendants and Appellants.

Morrow & Young and Floyd L. Morrow for Defendants, Cross-complainants and Respondents.

OPINION

**TRAYNOR, C. J.**—Plaintiffs Thurlow E. Coon and Tom Sherrard appeal from a judgment in an action for declaratory relief that determined the membership of Basic Economic Education, Inc., a California nonprofit corporation, and the validity of the acts of Basic's board of directors.

Coon and Sherrard together with Gordon Gran, Sidney Evans, and Henry B. Cramer formed Basic on June 10, 1960, for the stated purpose of education in economics. Neither the articles of incorporation nor the by-laws provided for members, but the articles named the five incorporators as the directors.

On April 22, 1965, Coon resigned from the board of directors, and on April 30, the remaining directors elected Louis Freeman to fill the vacancy. In May 1965 Gordon Gran resigned, and the board elected Everett Seeley in his place. Friction developed thereafter between Sherrard and the other members of the board. In December 1966, at a meeting that Sherrard declined to attend, the other board members reelected themselves as directors and elected Irene Hickman as a director in place of Sherrard.

In February 1967 Basic initiated a membership book,[1] which listed

---

[1]This action was apparently taken to comply with section 9606 of the Corporation Code, which provides: "Every nonprofit corporation shall keep a membership book containing the name and address of each member. Termination of any membership shall be recorded in the book, together with the date on which the membership ceased."

the five directors and Sherrard as members. Sherrard then told Coon and Gran that in his opinion they were still members of Basic even though they had not been active in its affairs since their resignations from the board of directors. Gran then resigned again and thus made clear he had severed all connection with Basic. About the same time Sidney Evans died, and the board elected Duval Jaros as a director in his place.

Early in April 1967 Coon and Sherrard called a meeting for April 20 of the three remaining incorporators, Coon, Sherrard, and Cramer, to assume control of Basic on the theory that as the remaining incorporators, they were the only members. (See Corp. Code, § 104.) Cramer did not attend the meeting, and Coon and Sherrard adopted a resolution amending Basic's by-laws to provide that only the remaining incorporators were members.

On May 4, 1967, the board of directors adopted new by-laws, which provided for memberships. No new members, however, have been admitted pursuant to these by-laws.

On May 16, 1967, Coon and Sherrard brought this action for declaratory relief seeking to establish that Coon was a member, that directors Freeman, Seeley, and Hickman were not members, and that the action taken at the meeting of April 20, 1967, was binding on Basic. The directors and Basic cross-complained. They sought a declaration that only the directors and Sherrard were members, that the action taken at the meeting of April 20 was invalid, and that the by-laws adopted by the directors at the meeting of May 4 were the by-laws of Basic. The trial court entered judgment for Basic and its directors.

Section 104 of the Corporations Code, a provision of the General Corporation Law (Corp. Code, tit. 1, div. 1), provides that " 'Member' includes each person signing the articles of a nonstock corporation and each person admitted to membership therein." Section 9002 of the Corporations Code, a provision of the General Nonprofit Corporation Law (Corp. Code, tit. 1, div. 2, pt. 1), provides that "The provisions of the General Corporation Law . . . apply to corporations formed under this part, except as to matters specifically otherwise provided for in this part." On the basis of these sections Coon and Sherrard contend that as incorporators they are members of Basic. The directors and Basic contend, however, that the membership of Basic is a matter specifically otherwise provided for by section 9603 of the Corporations Code, a provision of the same part that includes section 9002.

Section 9603 provides that "Where neither the articles nor by-laws of a nonprofit corporation provide for members thereof as such, and in any case in which any nonprofit corporation has, in fact, no members other

than the persons constituting its board of directors, the persons for the time being constituting its governing body or board are, for the purpose of any statutory provision or rule of law relating to nonprofit corporations, the members of the corporation and shall exercise all the rights and powers of members thereof."

Until the meeting of May 4, at which the directors adopted new by-laws providing for members, neither the articles nor the by-laws of Basic provided for "members . . . as such." The directors were therefore the members of Basic pursuant to section 9603.

Coon and Sherrard contend, however, that section 9603 should not be interpreted to conflict with section 104, that therefore incorporators should be deemed members, and that accordingly, section 9603 is not operative unless there are no incorporators or members other than the persons constituting the board of directors. They would thus rewrite section 9603 by deleting the words "in any case in which any nonprofit corporation" and inserting in lieu thereof the words "when it," so that the section would read: "Where neither the articles nor by-laws of a nonprofit corporation provide for members thereof as such, and [when it] has, in fact, no members other than the persons constituting its board of directors, the persons . . . constituting its board are . . . the members." Only the most compelling considerations could justify such a departure from the language of the statute. (See *Silver* v. *Brown* (1966) 63 Cal.2d 841, 845 [48 Cal.Rptr. 609, 409 P.2d 689].) There are no such considerations in this case.

Section 9603 provides for the orderly management of a nonprofit corporation. If no provision for members is contained in the articles or by-laws, the directors become the members. Although the articles or by-laws provide for members, if none have been admitted or all have terminated their membership, this section applies and the directors are members.

Coon and Sherrard contend that although section 104 is included in the General Corporation Law, it now applies only to nonprofit corporations (see 2 Ballantine & Sterling, California Corporation Laws (4th ed.) § 409), and should therefore be deemed part of the General Nonprofit Corporation Law. As such, they conclude, it should not be automatically displaced pursuant to section 9002 by inconsistent language in section 9603. To hold otherwise, they urge, would render section 104 meaningless. Even if we should assume, however, that section 104 applies only to nonprofit corporations, our giving effect to the plain language of section 9603 does not render section 104 meaningless. Section 9603 assumes that there are persons constituting the board of directors. Cases may arise

when there are no such persons and section 9603 could not apply. Section 104 would then operate to make any existing incorporators members and thus reduce the possibility that a nonprofit corporation might be left with no one responsible for its affairs.

Coon and Sherrard contend that section 104 must be given effect to provide members other than the directors to prevent the directors from abusing their powers. There is nothing in section 104, however, to indicate any such purpose. Moreover, if the existence of incorporators as members precluded section 9603 from constituting the directors as the members when neither the articles nor by-laws provided for members, power would be concentrated in an ever dwindling group of incorporators and the risks of abuse of power would thereby be enhanced. Indeed, in the present case, Coon and Sherrard as a majority of the three remaining incorporators sought to wrest control of Basic from the five-member board of directors that had been elected to conduct Basic's affairs.

Finally, Coon and Sherrard contend that Basic should be estopped to deny that they are both members, on the ground that they were described as such in a 1964 resolution[2] that added article 6 to the articles of incorporation to provide that "In the event of dissolution, all the remaining assets of this Corporation will be distributed to an organization exempt from Federal income tax as an organization described in section 501(c)(3) of the United States Code." That resolution was adopted, however, before this controversy arose and at a time when both Coon and Sherrard were directors and therefore members pursuant to section 9603. The recitals in the resolution were accurate, and there is no evidence that Coon or Sherrard were misled thereby or in any way changed their position to their detriment in reliance thereon. Accordingly, no basis for an estoppel appears. (*Driscoll* v. *City of Los Angeles* (1967) 67 Cal.2d 297, 305 [61 Cal.Rptr. 661, 431 P.2d 245] and cases there cited.)

The judgment is affirmed.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

---

[2]The concluding paragraph in the certificate of amendment stated: "The corporation had admitted no members other than the incorporators and that the undersigned incorporators are members of the Board of Directors of said corporation."