Filed 12/5/24  Colonel R.M. Baker Home etc. v. Lee CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| COLONEL R.M. BAKER HOME FOR RETIRED MINISTERS, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CHANG SOON LEE et al., <br><br> Defendants and Appellants. | B331086 <br><br> (Los Angeles County Super. Ct. No. 20PSCV00794) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Thomas C. Falls, Judge.  Affirmed.

Moon & Dorsett and Dana Moon for Defendants and Appellants.

Klinkert, Gutierrez & Neavel, James E. Klinkert, Paul J. Gutierrez and Kelly A. Neavel for Plaintiff and Respondent.

————————————————

Defendants and appellants, a group of residents living in a community for retired ministers, appeal from a summary judgment entered in favor of plaintiff and respondent Colonel R.M. Baker Home for Retired Ministers (the Corporation) in this declaratory relief action. The trial court granted summary judgment, declaring the residents were not members of the Corporation and the current amended articles of incorporation are valid and enforceable. On appeal, the residents contend there is a triable issue of fact as to whether a 1971 amendment to the articles of incorporation granted residents statutory membership in the Corporation along with the right to elect directors to the Corporation's board. We conclude summary judgment was properly granted because the articles, as amended in 1971, did not provide for members of the Corporation, and therefore by law, the directors were the members of the Corporation. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The Corporation is a non-profit public benefit corporation that owns a large property in Rowland Heights, California, which is improved with multiple residences that the Corporation operates for retired ministers.

## I. Establishment of the Retirement Community

Established in 1911, the articles of incorporation state "the name of said corporation shall be the Colonel R. M. Baker Home for Retired Ministers." The purpose of the corporation was to "acquire, own, maintain and provide a home for retired ministers

and other worthy persons; . . . and to do all acts necessary in acquiring, equipping, maintaining and managing said Home, and providing and caring for such clergymen . . . as may be admitted to membership in said Home according to the rules and regulations to be adopted by the Board of Directors of said corporation."

All real and personal property acquired by the corporation was to be held in trust for the Church of the United Brethern in Christ, California Conferences, and its successors (collectively referred to hereafter as the church).  At the church's annual conference, and at each annual conference thereafter, the conference was to elect a board of nine directors.

## II. Amendments to the Articles of Incorporation Prior to 1971

In 1944, an amendment to the articles of incorporation made the Corporation's existence perpetual.  The 1944 amendment noted that the corporation had nine directors.  It also stated "[t]he number of members of said corporation entitled to vote or consent to the adoption of said amendments is Nine[.]"  It continued to state that the board of directors would be elected at the church's annual conference.  At the end, the amendment listed the names of nine individuals and stated "each of the undersigned members of said corporation" adopted, approved and consented to the amendment, listing the date of signing for each.

In 1947, the California legislature enacted the General Nonprofit Corporation Law (former Corp. Code, § 9000, et seq.).  (*Stevens v. Perkins* (1979) 93 Cal.App.3d 69, 71.)

3

In 1954, an amendment to the articles of incorporation changed the name of the church to its successor, but was otherwise similar to the 1944 amendment.

## III. 1971 Amendment to the Articles of Incorporation

In 1971, the articles of incorporation were substantially amended in a full restatement. The 1971 amendment changed the method for electing directors and specified for the first time that the corporation was organized pursuant to California's general nonprofit corporation law. As amended, the articles stated in pertinent part as follows.

"[T]he name of said corporation shall be the COLONEL R. M. BAKER HOME FOR RETIRED MINISTERS."

"[T]he purposes for which said corporation is formed are to acquire, own, maintain and provide a home for retired ministers and other worthy persons; . . . and to do all acts necessary in acquiring, equipping, maintaining and managing said Home, and providing and caring for such clergymen, and worthy persons, or families, as may be admitted to membership in said Home according to the rules and regulations to be adopted by the Board of Directors of said corporation."

The amendment stated that the number of directors of the corporation was nine. It listed the names of the nine individuals who had been appointed as directors when the corporation was established in 1911.

The amendment also stated, "The property of this corporation is irrevocably dedicated to religious and charitable purposes . . . . [¶] Further, that the Board of Directors of this

corporation shall be elected by the membership of said corporation."

The articles stated that the existence of the corporation was perpetual, and the corporation was organized pursuant to California's general nonprofit corporation law. The amendment did not expressly define the members or the membership of the corporation. Unlike prior versions, it did not contain any provision about the members of the corporation entitled to vote on amendments to the articles of incorporation, and at the end of the document, it did not list any members of the corporation who were adopting, approving, and consenting to the amendment.

## IV. Church Report and Directions

The 1979 journal for the church reported the following committee recommendation made to the church's board of trustees: "In the instance of . . . the Baker Home . . ., the Trustees have noted that the Annual Conference either elects or confirms the election of the members of the Boards of Trustees of those institutions. It is the opinion of the Trustees that the act of confirming or electing directors of institutions in which the Conference has no direct interest or control tends to create an appearance of responsibility on the part of the Annual Conference for the affairs of those corporations which is nonexistent in practice." "In order to eliminate potential responsibility for those corporations claiming a relationship to the Annual Conference it is recommended that the Annual Conference consider recommending that each of these corporations take the following actions: [¶] 1. Amend its Articles of Incorporation to delete the

5

requirements for election of directors or members by the Annual Conference."

The 1980 journal for the church states recommendations were adopted granting authority to the board of directors of the Corporation to disclaim any legal relationship between the conference and the organization, and requesting that the Corporation "[a]mend its Articles of Incorporation to delete requirements for election of directors or members by the Annual Conference."

## V. Residency Contracts and Tax Forms

New residents in the community signed agreements with the Corporation, and received copies of the rules and regulations. The 1996 rules and regulations referred to "Residency Membership in the HOME." The rules and regulations did not state that the resident was a member of the Corporation or had any right to elect the governing body of the Corporation.

A 2007 residency agreement made between the "COLONEL R.M. BAKER HOME FOR RETIRED MINISTERS, a California Corporation . . . hereinafter referred to as 'First Party', and [the new residents], hereinafter referred to as, 'Second Parties'. [¶] . . . Whereas, 'Second Parties', by action of the Board of Directors of the COLONEL R. M. BAKER HOME FOR RETIRED MINISTERS, have been approved as eligible for membership . . . in said Home . . . ." "Now, therefore, it is agreed: [¶] (1) That [the new residents] have been approved as eligible for membership for the COLONEL R. M. BAKER HOME FOR RETIRED MINISTERS by action heretofore taken by the Board of Directors

6

of said Home, with all the privileges of members of the Home . . . ."

A 2012 residency agreement entitled "AGREEMENT FOR MEMBERSHIP" stated the agreement was made between the "COLONEL R.M. BAKER HOME FOR RETIRED MINISTERS, a Corporation . . . hereinafter referred to as 'First Party,' and [the new residents], hereinafter referred to as 'Second Parties'. [¶] Whereas, 'Second Parties', by action of the Board of Directors of the COLONEL R. M. BAKER HOME FOR RETIRED MINISTERS, have been admitted as members of said Home . . . ."

"NOW, THEREFORE, IT IS AGREED: [¶] (1) That [the new residents] have been admitted as members of THE COLONEL R. M. BAKER HOMES FOR RETIRED MINISTERS by action heretofore taken by the Board of Directors of said Home, with all the privileges of members of the Home . . . ." The agreement used the terms "Board of Directors of said Home," "the Board of Directors of the 'First Party'," and "the Board of Directors of Baker Home." The agreement did not expressly state that the new residents were admitted as members of "the Corporation" or "First Party."

In federal tax forms for the tax years 2011 and 2016, the Corporation stated it did not have any members with "the power to elect or appoint one or more members of the governing body." The Corporation also answered yes, there were "governance decisions of the organization reserved to (or subject to approval by) members . . . other than the governing body."[1]

_____

[1] Because the Corporation answered yes to this question, it was required to describe the circumstances or processes in Schedule O, but no schedules were submitted in connection with this proceeding.

7

## VI. 2017 Amendment to Articles and Subsequent Documents

In 2017, the articles of incorporation were amended to state the purpose was "providing and caring for such clergypersons . . . as may be admitted to residency in the home." The 2017 amendment also stated, "This corporation shall have no members. Any action which would otherwise require approval by members shall require only approval by the directors. All rights which would otherwise vest in the members shall vest in the directors." The 2017 amendment specified that the corporation was organized pursuant to California's nonprofit public benefit corporation law.

The bylaws of the Corporation were similarly amended to state, "This corporation shall have no members. All rights which would otherwise vest in the members shall vest in the Board. Subject to any limitations in the Articles of Incorporation, these Bylaws and applicable laws, rules or regulations of governmental authority, this corporation's activities and affairs shall be managed, and all corporate power shall be exercised, by or under the direction of its Board. Any action which would otherwise require approval by members shall require only approval by the Board."

A 2018 resident agreement entitled "RESIDENCY CONTRACT" was made between "COLONEL R. M. BAKER HOME FOR RETIRED MINISTERS, a California public benefit non-profit corporation . . . hereinafter referred to as 'Home,' and [the new residents], hereinafter referred to collectively as 'Resident'." " 'Resident', by action of the Board of Directors of

8

Home, has been approved as eligible for residency in the Home in a dwelling unit on Home's property . . . ."

## VII. Litigation

In November 2020, the Corporation filed a complaint against resident Chang Soon Lee and Doe defendants for declaratory relief. On March 8, 2022, the Corporation filed the operative amended complaint against Lee and other individuals (collectively the residents) alleging that under the governing documents of the Corporation, the board of directors were the only members of the Corporation, and the residents were not entitled to elect the Corporation's board of directors or govern the affairs of the Corporation. The Corporation sought a declaration that the residents were not members of the Corporation and the current amended articles of incorporation were valid.

Lee filed a notice of a related case that he had filed, individually and on behalf of the residents, against the Corporation seeking inspection of the corporate books, an accounting, and declaratory relief voiding the 2017 amendment. The trial court found the cases were related and designated the Corporation's case as the lead case.

In January 2023, the Corporation filed a motion for summary judgment on the ground that the residents had never been members of the Corporation and had no voting rights. The 2017 amendment was valid because it was not necessary for anyone other than the board of directors to approve the amendment and no voting rights were taken away from any statutorily-defined member of the Corporation.

The residents opposed the motion for summary judgment on the grounds that the Corporation failed to meet its burden on summary judgment and triable issues of fact existed. Specifically, they argued the term "membership" in the articles of incorporation and amendments referred to the residents, not to the directors. The residents also filed objections to evidence submitted by the Corporation.

The Corporation filed a reply. A hearing on the motion for summary judgment was held on May 1, 2023, but no reporter's transcript has been included in the appellate record. The trial court granted the motion, concluding that the governing documents of the Corporation and the respective residency contracts did not confer any right to vote for the board of directors or otherwise participate in corporate governance. The court overruled the residents' objections to the declarations.

The court noted that the 1971 amendment was the first amendment to change the voting mechanism. The court concluded none of the governing documents expressly provide residents with any right to elect directors of the Corporation. The burden shifted to the residents to show a triable issue of fact, but the residents failed to address the applicable corporations law, or show they met the statutory definition for a member of a nonprofit public corporation. The evidence established there was one definition of a statutory member, and there was no evidence that the term was defined otherwise, so there was no triable issue of fact whether the residents of the retirement community were members of the Corporation.

On June 7, 2023, the court entered judgment in favor of the Corporation, declaring that the residents of the home were not members of the Corporation and the current amended articles of

10

incorporation were valid and enforceable.  The residents filed a timely notice of appeal.[2]

## DISCUSSION

### I.  Standard of Review

" 'Summary judgment is appropriate only "where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law." [Citation.]' [Citation.] 'There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof.' [Citation.]" (*Planet Bingo LLC v. Burlington Insurance Company* (2021) 62 Cal.App.5th 44, 53 (*Planet Bingo*).)

The moving party has the burden to show one or more elements of the cause of action cannot be established, or that there is a complete defense to the cause of action.  (Code Civ. Proc., § 437c, subd. (p)(2).)  If the moving party meets its burden, the burden shifts to the opposing party to show a triable issue of material fact exists as to the cause of action or defense.  (*Ibid.*)

" 'Courts deciding motions for summary judgment or summary adjudication may not weigh the evidence but must instead view it in the light most favorable to the opposing party

_____

[2] The residents' request, filed with this appellate court on February 20, 2024, to take judicial notice of the complaint in the related case and a brief that was filed in the consolidated case after the June 7, 2023 judgment is denied, as the pleadings are not pertinent to resolution of this appeal.

11

and draw all reasonable inferences in favor of that party. [Citations.]' [Citation.]" (*Planet Bingo, supra,* 62 Cal.App.5th at p. 53.) We conduct a de novo review of the trial court's ruling on a motion for summary judgment. (*Ibid*.)

The judicial interpretation of the articles of incorporation is a question of law that we review de novo. (*Concord Christian Center v. Open Bible Standard Churches* (2005) 132 Cal.App.4th 1396, 1408.) When the meaning of the words is disputed, even if the document appears clear and unambiguous on its face, the court provisionally receives any extrinsic evidence relevant to show whether the contract is susceptible of a particular meaning. (*Wolf v. Superior Court* (2004) 114 Cal.App.4th 1343, 1351.) We independently review the trial court's determination of whether an ambiguity exists, and the resolution of an ambiguity if there is no extrinsic evidence or the extrinsic evidence is not in conflict. (*Ibid*.) Only when the extrinsic evidence is in conflict is there a question of fact which precludes summary judgment. (*Ibid*.) In the present case, the interpretation of the articles of incorporation does not depend on conflicting extrinsic evidence.

## II. Interpretation of 2017 Amendment

The residents contend there is a triable issue of fact as to whether the 1971 amendment to the articles of incorporations granted residents statutory membership in the Corporation with the right to elect directors. They admit the 1971 amendment does not explicitly state that residents are members of the Corporation, but they assert the amendment also does not expressly state that directors are members of the Corporation,

12

and therefore, they contend, a triable issue of fact exists. The residents' analysis, however, is incorrect.

The articles of incorporation, as amended in 1971, state the purpose of the corporation is to provide a home for retired ministers. Subsequent references to the home within the same sentence are to "said Home." The term "said Home" is not used anywhere else in the 1971 amendment outside of the statement of purpose. In contrast, after stating the full name of the corporation, every subsequent reference to the corporation in the 1971 amendment is to "said corporation" or "this corporation." The terms "said Home" and "said corporation" or "this corporation" are separate and not used interchangeably at any point in the document. In describing the purpose of the corporation, the amended articles refer to clergymen, worthy persons, and families, who may be admitted to membership in "said Home," but, as the residents concede, nowhere do the articles state that clergymen or other residents are admitted to membership in "said corporation" or "this corporation."

The articles, as amended in 1971, state, "[T]he Board of Directors of this corporation shall be elected by the membership of said corporation." Aside from this provision for the election of directors, there is no other reference to members of the corporation in the 1971 amendment, which fully restated the articles of incorporation.

When a right to elect directors is provided to the membership of a nonprofit corporation, but the articles and bylaws do not provide for members of the corporation, California's nonprofit corporation law fills the gap. Former

13

section 9603 of the Corporations Code,[3] enacted in 1947 as part of the general nonprofit corporation law, stated: "Where neither the articles nor by-laws of a nonprofit corporation provide for members thereof as such, and in any case in which any nonprofit corporation has, in fact, no members other than the persons constituting its board of directors, the persons for the time being constituting its governing body or board are, for the purpose of any statutory provision or rule of law relating to nonprofit corporations, the members of the corporation and shall exercise all the rights and powers of members thereof." (Former § 9603; see *Coon v. Freeman* (1970) 1 Cal.3d 542, 545–546.) In the present case, the 1971 amendment did not expressly provide for members, so under former section 9603, the directors were the members and were entitled to exercise the rights of the members.

Former section 9603 was repealed in 1978, but the result would be no different under the current sections enacted in 1978 to govern nonprofit public benefit corporations. Section 5056, subdivision (a), provides that a "member" is "any person who, pursuant to a specific provision of a corporation's articles or bylaws, has the right to vote for the election of a director or directors or on a disposition of all or substantially all of the assets of a corporation or on a merger or on a dissolution . . . . 'Member' also means any person who is designated in the articles or bylaws as a member and, pursuant to a specific provision of a corporation's articles or bylaws, has the right to vote on changes to the articles or bylaws." It is undisputed that the articles do not specifically give any person the right to elect directors and do not specifically designate any person as a member.

---

[3] All further statutory references are to the Corporations Code unless otherwise stated.

14

This situation is covered by section 5310, which provides: "(a) A corporation may admit persons to membership, as provided in its articles or bylaws, or may provide in its articles or bylaws that it shall have no members. In the absence of any provision in its articles or bylaws providing for members, a corporation shall have no members. [¶] (b) In the case of a corporation which has no members, any action for which there is no specific provision of this part applicable to a corporation which has no members and which would otherwise require approval by a majority of all members (section 5033) or approval by the members (section 5034) shall require only approval of the board, any provision of this part or the articles or bylaws to the contrary notwithstanding. [¶] (c) Reference in this part to a corporation which has no members includes a corporation in which the directors are the only members."

Section 5332, subdivision (a), notes that "[a] corporation may refer to persons associated with it as 'members' even though such persons are not members within the meaning of Section 5056; but references to members in this part mean members as defined in [s]ection 5056."

No specific class of people were designated as members in the amended articles of incorporation, and therefore, only the approval of the directors was required to elect directors under the statutory law. The fact that tax filings on behalf of the Corporation stated governance decisions were reserved to, or subject to, approval by members other than the governing body may have been inconsistent with the governing documents, but the tax filings do not reveal an ambiguity in the 1971 amended articles or change the applicable statutory law. The residents also assert that historically, they participated in the election of

15

directors as members of the annual conferences, but following this reasoning, they also participated in the church's decision to cease participating in the election of directors. There is no triable issue of fact, and summary judgment was properly granted.

## DISPOSITION

The judgment is affirmed. Respondent Colonel R.M. Baker Home for Retired Ministers is awarded costs on appeal.
NOT TO BE PUBLISHED.


MOOR, J.


WE CONCUR:


BAKER, Acting P. J.


KIM (D.), J.